**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JORGE E. RODRIGUEZ,**

      **Plaintiff,**

**v.**     **Case No: 6:24-cv-1419-RBD-EJK**

**KWH MERCHANDISING, INC.,**

      **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default (the "Motion") (Doc. 13), filed September 12, 2024. Upon consideration, the Motion is due to be granted.

### I.    BACKGROUND

Plaintiff filed a Complaint against Defendant KWH Merchandising, Inc., on August 1, 2024, asserting claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059(5). (Doc. 1.) The Return of Service affidavit reflects that Defendant was served on August 19, 2024, through service on its registered agent, CT Corporation System. (Doc. 8-1.) Plaintiff now seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc. 13.)

## II.  STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.  DISCUSSION

Defendant is a California corporation with its principal place of business in California. (Doc. 1 ¶ 9.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, **or any other agent authorized by appointment or by law to receive service of process** and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B) (emphasis added).

The Return of Service affidavit reflects that Defendant was served on August 19, 2024, through service on its registered agent, CT Corporation System, in California, by serving Diana Ruiz, an employee for the registered agent.[1] (Doc. 8-1.)

---

[1] *Business Search*, California Secretary of State, https://bizfileonline.sos.ca.gov/search/business (last visited Sept. 23, 2024) (listing Diana Ruiz as an authorized employee of the registered corporate agent).

Since more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 13) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant.

**DONE** and **ORDERED** in Orlando, Florida on September 27, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE