UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORGE E. RODRIGUEZ,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 6:24-cv-1419-RBD-NWH

KWH MERCHANDISING, INC.,

    Defendant.
_____

## ORDER

Before the Court are Plaintiff's Motion for Final Default Judgment (Doc. 18 ("Motion")), U.S. Magistrate Judge Samuel J. Horovitz's Report and Recommendation (Doc. 21 ("R&R")), and Plaintiff's Objection to the R&R (Doc. 22 ("Objection")). On *de novo* review, the R&R is due to be adopted and the Objection overruled.

## BACKGROUND

In this Telephone Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA") case, Plaintiff claims that Defendant repeatedly sent him unlawful telemarketing messages. (Doc. 7.) In the Amended Complaint, he brought five counts against Defendant: violations of the TCPA under 47 C.F.R. § 64.1200(c)(2) and (d)(3) (Count I), willful violations of the TCPA under the same sections (Count II), violation of the TCPA under 16 C.F.R.

§ 310.4(b)(1)(iii)(A) (Count III), violation of the TCPA under 47 C.F.R. § 64.1200(b)(3) (Count IV), and violation of the FTSA at Fla. Stat. § 501.059(5) (Count V). (*Id.*) Both the TCPA and FTSA provide for statutory damages of $500 per violation. 47 U.S.C. § 227(c)(5); Fla. Stat. § 501.059(10). Willful violations can result in a discretionary award of treble damages of up to $1500 per violation. *Id.*

Plaintiff now moves for final default judgment after Defendant failed to plead or otherwise defend the lawsuit. (Doc. 18.) In his motion, he asserts that Defendant sent him "at least 103" violative text messages, but without any supporting citation. (*Id.* at 8.) He further claims that the violations were willful because Defendant knew that Plaintiff's phone was on the do not call registry and Defendant deliberately programmed its systems to continue sending telemarketing messages to consumers after receiving a "Stop" request. (*Id.* at 7.) And he argues that, because the violations were willful, he is entitled to recover $154,500 in treble damages, or $1,500 per message multiplied by 103 messages. (*Id.*)

On referral, Judge Horovitz recommended the Court grant in part and deny in part Plaintiff's Motion. (Doc. 21.) Specifically, he recommended that the clerk enter final default judgment in favor of Plaintiff and against Defendant on Counts I and V of the Amended Complaint in the amount of $11,500.00, and recommended dismissal of Counts II, III, and IV without prejudice. (*Id.* at 12–13.) Judge Horovitz noted that the Amended Complaint did not allege a total of 103

violative messages. (*Id.* at 10.) Instead, the Amended Complaint (and the record as a whole) only included screenshot evidence of twenty-three unlawful messages "at most." (*Id.*) So he calculated a damages award based on those twenty-three texts. (*Id.*) Judge Horovitz also recommended against a discretionary award of treble damages because he did not find that Plaintiff sufficiently alleged facts to establish that Defendant's violations were knowing or willful. (*Id.* at 11.) Based on these findings, he determined that Plaintiff's total award should be $11,500, or $500 for each of the twenty-three messages substantiated by the record. (*Id.* at 12.)

Plaintiff objected, arguing that the final judgment should account for 103 text messages and include treble damages. (Doc. 22.) He also provided a declaration including new screenshots of the additional messages. (Doc. 22-1.) Defendant did not respond. The matter is ripe.

## STANDARDS

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## ANALYSIS

After an independent *de novo* review of the record, including Plaintiff's Objection (Doc. 22), the Court agrees entirely with Judge Horovitz's well-reasoned and thorough R&R.

In Plaintiff's Objection, he asks the Court to receive new evidence of the eighty additional text messages, admitting that he did not include evidence of these messages in his original Motion due to an oversight.[1] (*Id.* at 3–4.) Given the lack of a defensible reason for the oversight, the Court declines to use its discretion to consider this new evidence produced for the first time in Plaintiff's Objection that was not presented to the Magistrate Judge. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that district courts, when reviewing R&Rs, have discretion to decline to consider arguments not first presented to the magistrate judge).

Plaintiff also argues that he should get treble damages because Defendant is involved in several similar—but unrelated—lawsuits with other plaintiffs in different federal courts, which he purports establish that Plaintiff willfully committed the violations in this case. (Doc. 22, pp. 5–6.) The Court declines to

---

[1] Plaintiff asserts that his Amended Complaint was intended as a "mere notice pleading" and "included only a representative sample of the text messages at issue so as not to make it unnecessarily cumbersome," but does not object to Judge Horovitz's determination that there was evidence of only twenty-three unlawful text messages in the record at the time of filing the Motion. (Doc. 22, p. 3.)

4

consider these lawsuits, also presented for the first time in Plaintiff's Objection. *See Williams*, 557 F.3d at 1292. And the Court agrees with the R&R that Plaintiff has not otherwise sufficiently alleged facts to establish Defendant's violations were willful. (Doc. 21, p. 11); *see Cacho v. Aquotein LLC*, No. 6:23-cv-387, 2024 WL 473695, at *6 (M.D. Fla. Jan. 11, 2024), *adopted*, 2024 WL 2874639 (M.D. Fla. May 1, 2024) (finding that plaintiff alleging he was on do not call registry and asked defendant to stop calling was not sufficiently detailed to establish willful TCPA violation to get treble damages on default judgment).

Because the Court agrees with Judge Horovitz and declines to exercise its discretion to consider new evidence or award treble damages, the R&R is due to be adopted in full over Plaintiff's Objection.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 22) is **OVERRULED**.

2. The R&R (Doc. 21) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. Plaintiff's Motion (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART** as set forth in the R&R.

4. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff Jorge E. Rodriguez and against Defendant KWH Merchandising, Inc.

      on Counts I and V of the Amended Complaint in the amount of $11,500.00.

5. Counts II, III, and IV of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

6. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 23, 2025.



ROY B. DALTON, JR.
United States District Judge